**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEKSANDR TKACHEV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CENTRAL VALLEY ANNEX,<br><br>Respondent. | Case No.: 1:26-cv-04039 JLT HBK (HC)<br><br>A-Number: 246-971-728<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 11) |

Aleksandr Tkachev is an immigrant detainee in U.S. Immigration and Customs Enforcement custody at the Central Valley Annex Detention Facility in McFarland, California, proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, "Petition").

On September 10, 2026, the assigned magistrate judge issued findings and recommendations to grant the Petition in part. (Doc. 11.) On September 14, 2026, Petitioner timely filed objections only as to the remedy, arguing for immediate release or an expedited hearing with a fixed deadline. (Doc. 13 at 5-6.) Petitioner also asked the Court to clarify that Respondents may not re-detain Petitioner absent constitutionally adequate notice and process. (*Id.* at 7.) On September 14, 2026, Respondents filed objections to the findings and recommendations for the reasons stated in its prior pleadings. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. Regarding Petitioner's objection to the recommended remedy, though nothing in the record suggests that Petitioner is a danger to the community, he failed to appear for his November 19, 2025 immigration hearing and as a result was ordered removed *in absentia*. (Doc. 6 at 3; Doc. 5-2.) Petitioner contends that his former lawyer failed to notify him of the hearing. (Doc. 1, ¶ 5.) As the magistrate judge indicated (Doc. 11 at 6–7), Petitioner timely contested the *in absentia* order by filing a motion to reopen, but the IJ denied that motion. (Doc. 5-3.) He timely appealed and thus the order is not yet final, but the record contains the IJ's reasoning. (*Id*. at 3–4 (explaining that Petitioner failed to keep the immigration court apprised of his address and thus "failure to receive notice of hearing is not a ground for reopening removal proceedings").) In any event, the Court concludes that immediate release is appropriate. Based upon the foregoing, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

3. The Clerk of Court is directed to Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

///

///

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 18, 2026_

UNITED STATES DISTRICT JUDGE